**Commonwealth of KENTUCKY and Detective Deborah Burns, Defendants–Appellants,**

v.

**Antwan L. YOUNG, Plaintiff–Appellee.**

**No. 01–6219.**

United States Court of Appeals, Sixth Circuit.

Nov. 5, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and CARR, District Judge.*

CARR, District Judge.

This is an interlocutory appeal from the district court's denial of Defendant–Appellant Detective Deborah Burns' qualified immunity defense. For the following reasons, we **AFFIRM** the district court's decision.

## BACKGROUND

On January 11, 1999, a white male stole a revolver and cash from a Shell Station located in Louisville, Kentucky. On January 14, 1999, a black male stole cash, several checks, and a gun from the same location. Charles T. Mitchell, the station's owner, recorded the second crime on videotape, which he made available to the police.

On January 15, 1999, some of the stolen checks were presented for payment at a Winn–Dixie grocery store in Louisville. On January 17, 1999, more of the stolen checks were presented for payment at a Winn–Dixie grocery store in Jeffersonville, Indiana. The stolen checks were made out to, and endorsed by, several individuals, including an "Antwan Young." On February 25, 1999, Defendant–Appellant Detective Deborah Burns recovered more of the

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

stolen checks from a Kroger grocery store. At each location where stolen checks were recovered, witnesses were available to identify the individuals who had presented the checks for payment.

On June 29, 1999, several individuals, including Plaintiff–Appellee Antwan Lawan Young were indicted for the series of crimes. In the investigation leading to this indictment, Detective Burns presumably performed a search of the Jefferson County Department of Corrections Jail Information System for the name "Antwan Young." The search revealed two individuals: 1) Antwan Cortez Young, residing at 4101 Sunset St., born on July 4, 1981; and 2) Antwan Lawan Young (appellee), residing at 1515 Oleanda # 4, born on March 16, 1977. Without consulting the videotape of the theft or speaking with the eyewitnesses to the check cashings, Detective Burns chose Antwan Lawan Young as the suspect and testified so before the grand jury on June 29, 1999.

On July 6, 1999, a bench warrant was issued for Appellee Antwan Lawan Young after he failed to appear for arraignment and bond was set at $35,000. Appellee alleges that, on July 12, 1999, one day prior to his arrest, Detective Burns received a phone call from a Detective Elder of the Jeffersonville, Indiana Police Department. Detective Elder informed Detective Burns that Antwan Cortez Young recently was arrested in Jeffersonville on charges of presenting stolen checks from Charles T. Mitchell, the Shell Station's owner. Detective Burns took no action other than to list Antwan Cortez Young as a "possible suspect."

On July 13, 1999, appellee was stopped for a traffic offense and arrested based on the outstanding bench warrant. He was held in jail for two weeks and then was released on his own recognizance. His prosecution moved forward until September 14, 1999, when the charges were voluntarily dismissed.

Appellee filed suit against the Commonwealth, Detective Burns, and two other officers, claiming, among other things, a 42 U.S.C. § 1983 violation and malicious prosecution. The court denied summary judgment on Detective Burns' qualified immunity claim, finding that the question of qualified immunity is completely dependent on a question fact, which is for a jury to decide. It is from this denial that appellants appeal.

## JURISDICTION

Generally, the denial of a motion for summary judgment is not a final and appealable order. *See* 28 U.S.C. § 1291. "The Supreme Court has held, however, that under the collateral order doctrine, 'a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment.'" *Comstock v. McCrary,* 273 F.3d 693, 701 (6th Cir.2001) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). The Court clarified this holding in *Johnson v. Jones,* 515 U.S. 304, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), stating that *Mitchell* was "explicitly limited ... to appeals challenging, not a district court's determination about what factual issues are 'genuine,' ... but the purely legal issue what law was 'clearly established'."

Consistent with *Johnson,* this court has stated that "in order for an interlocutory appeal to be appropriate, a defendant seeking qualified immunity must be willing to concede to the facts as alleged by the plaintiff and discuss only the legal issues raised by the case." *Comstock* 273 F.3d at 701. Here, appellants concede appellee's

version of events and the statement of the case as presented by the district court. (Final Br. for Appellant, at 5 n.1).

Despite this concession, the appellants challenge the district court's determination that Detective Burns lacked probable cause to arrest and prosecute appellee. Appellants argue that the district court had no basis to determine that Detective Burns had selected the appellee "at random," and that there was insufficient evidence in the record to establish that the detective's mistake was malicious. (*Id.* at 11–12). Additionally, appellants challenge the district court's reliance on a "phone record" to support appellees allegation that Detective Burns knew, prior to appellee's arrest, that she had identified the wrong person to the grand jury. (*Id.* at 16–17; Reply Br. for Appellant, at 2). Appellants, in effect, argue that the appellee failed to present sufficient evidence to support his claims.

Such a challenge, however, goes to issues of fact, which this court lacks jurisdiction to review on interlocutory appeal. Consequently, we will not address appellants' argument to the extent it challenges the sufficiency of appellee's evidence, and will focus, instead, on the district court's denial of Detective Burns' qualified immunity defense, while viewing the facts in this case in a light most favorable to the appellee.

## DISCUSSION

We review a district court's denial of qualified immunity de novo. *Comstock,* 273 F.3d at 701.

A state actor who is sued in his or her individual capacity is entitled to qualified immunity unless his or her actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In assessing whether qualified immunity applies, courts engage in a two-part analysis: 1) determine whether the plaintiff has alleged facts which, when taken in the light most favorable to the plaintiff, show that the official's conduct violated a constitutionally protected right; and, if this question is answered in the affirmative, 2) determine whether that right was clearly established such that a reasonable official, at the time the act was committed, would have understood that his or her behavior violated that right. *Comstock,* 273 F.3d at 702 (citing *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

"It is clearly established that arrest without probable cause violates the Fourth Amendment." *Donovan v. Thames,* 105 F.3d 291, 297–98 (6th Cir.1997); *see Baker v. McCollan,* 443 U.S. 137, 142–43, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) ("By virtue of its 'incorporation' into the Fourteenth Amendment, the Fourth Amendment requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty."). Probable cause exists to arrest a person if "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo,* 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). Once probable cause is established, an officer has no duty to investigate more or look for evidence that may exculpate. *Ahlers v. Schebil,* 188 F.3d 365, 371 (6th Cir.1999) (citation omitted). However, "officers, *in the process of determining whether probable cause exists,* cannot simply turn a blind eye toward potentially exculpatory evidence known to

them in an effort to pin a crime on someone." *Id.* at 372 (emphasis supplied).

In this case, the district court found that "[u]nder Plaintiff's version of the facts, Detective Burns did no more than 'flip a coin' before choosing between Antwan Lawan Young [appellee] and Antwan Cortez Young as the suspect, then received information one day prior to Plaintiff's arrest indicating that he had been incorrectly fingered but never shared this information with anyone or worked to set him free after his arrest." (J.A. at 206). Viewing the case under this set of facts, which we must on this interlocutory appeal, we find that Detective Burns lacked probable cause to arrest and detain appellee. Furthermore, we are of the opinion that a reasonable detective would have known that she would be violating appellee's Fourth Amendment right by randomly choosing him from a list of two individuals without any basis for distinguishing between the two. Consequently, we hold that Detective Burns is not entitled to qualified immunity because her actions violated a clearly established constitutional right of which a reasonable person would have known.

Additionally, we reject appellants' argument that this case is simply one of mistaken identity on the part of Detective Burns that lead to a mistaken arrest and, therefore, is constitutional under the Supreme Court's holding in *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Here, there was no mistake of identity—Detective Burns simply chose Antwan Lawan Young (appellee) instead of Antwan Cortez Young. Thus, this is not a case where Detective Burns chose A thinking it was really B; rather, this is a case where she chose A instead of B. Such a decision, while mistaken, was not one of mistaken identity. Moreover, she had no probable cause, at the time she made her choice, to choose either individual.

Finally, appellant also argues that the district court erred in denying state common law qualified immunity from the state law counts. For the same reasons that we reject Detective Burns' assertion of qualified immunity from appellee's § 1983 claim, we reject her assertion of immunity from the state malicious prosecution claim. *See McCollum v. Garrett*, 880 S.W.2d 530, 535 n. 6 (Ky.1994) (adopting the federal standard for qualified immunity in under Kentucky law).

### CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's denial of Detective Burns' qualified immunity defense.